FOSTER *et al. v.* FOSTER *et al.*, commissioners.

SIMMONS, J.—1. When the records of the board of county commissioners fail to speak the truth, they may be corrected by an order *nunc pro tunc.* Code, ?205.
2. This case is controlled by *Hillsman* v. *Harris*, 84 *Ga.* 432.

May 27, 1891.                                *Judgment affirmed.*

Practice. County commissioners. Militia districts. Before Judge MADDOX. Floyd superior court. March term, 1891.

Foster and others, citizens of and property-owners in the 924th district G. M. (Barker's district) of Floyd county, filed their petition against the commissioners of roads and revenues for that county, and the secretary of the board of commissioners, asking that defendants be restrained from notifying the governor of an order creating a new militia district out of Barker's district, from advertising the result of the proceeding therefor, from ordering an election in the alleged new district, or from doing any act in pursuance of the order to affect petitioners' interests. Defendants filed a demurrer and answers, which were heard together with affidavits in support of the petition, before the judge upon the application for temporary injunction. He ordered that the temporary restraining order previously

passed be revoked, and the petition for injunction be refused; and the petitioners excepted. .

The petition alleged, in brief, the following: The commissioners of roads and revenues appointed Tippin, Kyle and Jones to report upon the advisability of dividing Barker's district, but there were never any commissioners appointed whose duty it was to lay out and define the lines of a new district to be carved from Barker's district. The board of commissioners is a court of limited jurisdiction, and every fact necessary to give it jurisdiction must appear upon the record. The proceedings nowhere show that the district about to be organized contains at least as many persons resident at the time of organization, liable to militia duty, as are necessary to form a captain's company according to the militia laws, nor that it leaves no other district with a less number. The commissioners appointed to pass upon the advisability of dividing the district employed no competent surveyor to assist them, but proceeded themselves to fix a wavering, uncertain, irregular and unequal division of the district, which Tippin and Jones recommended for adoption, Kyle reporting against. any division. The purpose of the division is, that such voters may be cut off in the new district as will, by a majority, vote for the stock or no fence law in said district, and this will put petitioners to large expense in fencing their own stock and preserving their crops along the line. Such division for such purpose is fraudulent, said purpose and not necessity or expediency being the only reason for which the division is sought. Upon the return of the report of Tippin and Jones the board of commissioners proceeded to pass the following order: "This report approved and ordered spread on the minutes, and a new district is by order of the board created, which shall consist of that part of the old district which lies north of the line laid out and defined by the major-

ity report of the commissioners. The new district to be known as Van's Valley district." Defendants now threaten to notify the governor of this action, to publish it at the court-house door and in the public gazette, and to order an election in the alleged new, district to petitioners' damage. Such threatened action is without warrant or authority, and the above recited order is void on the following grounds: no surveyor was employed and no plat furnished; the board never appointed commissioners "to lay out and define the lines" of the new district; the report of the commissioners was therefore without any authority or license; commissioners for one act have no authority to do an entirely different act; it is strict law and must be strictly construed, which requires militia districts to remain the same until changed in the manner prescribed by law; the court being of limited jurisdiction, every fact necessary to give jurisdiction must appear, and it does not appear that the commissioners named were "citizens of the district or districts from which it is proposed to make the new district"; it nowhere appears in the records that the requisite number of persons subject to militia duty are in the new or remain in the old district, and this is a jurisdictional fact; and the purpose of the movants and the board in using the machinery of the law to carry out personal or political ends and for no other purpose, is fraudulent. Attached as an exhibit was an extract from the book of minutes of the board of commissioners, as follows: "The petition to divide Barker's district was referred to J. B. Tippin, S. H. Kyle and W. L. Jones as commissioners to report on the advisability, etc. of such division." Also, the majority report signed by Tippin and Jones, stating that, having been appointed commissioners to report upon the advisability of dividing Barker's district, they deemed a division based upon a line beginning at a cer-

tain point, thence running the original land line due east to another point, thence due north along the district line one mile to a certain point, thence due east along the original land line to the border line of a certain district; and that this district they deemed of great public utility "and so recommended." Also, the minority report signed by Kyle.

The demurrer was upon the following grounds: No cause of action is set forth in the petition; whether it is true or not that the board of commissioners is a court of limited jurisdiction, it is not true that every fact upon which it based its judgments and orders should be set out on its minutes and in its judgments and orders; the employment of a surveyor to assist in laying out and defining the lines of a new district is discretionary with the commissioners appointed for that purpose; the question as to whether or not lines defined were proper is for the board of commissioners to determine, and not for the superior court; the purpose of division is not charged upon these defendants, nor is such purpose a question for the superior court to determine; that court has no jurisdiction to review the action of the board of commissioners in laying out a new district, such action being political or legislative rather than judicial.

The answer alleged, in brief: Defendants did not threaten to injure and damage petitioners. The board of commissioners did not appoint Tippin, Kyle and Jones commissioners to report upon the advisability of dividing the district, but appointed them as commissioners to lay out and define the lines of a new district to be formed from the territory which, at the time, composed Barker's district. By a clerical error the extract from the minutes of the board attached to plaintiffs' petition was written upon the minutes, though in fact Tippin, Kyle and Jones were appointed to lay out and define

the lines of a new district; they or a majority of them, in spite of the clerical error, understood the order that was given them, and proceeded to lay and define the lines and reported their action to the board, which was approved. That portion of the reports of Tippin and Jones and of Kyle upon the advisability of a new district was out of their jurisdiction and mere surplusage. The clerical error in the order of appointment has been corrected by an order entered upon the minutes of the board *nunc pro tunc*, reciting the error and stating that, it appearing to the board that it was necessary and expedient to divide Barker's district and form a new district of the territory therein, it was ordered that Tippin, Kyle and Jones, all citizens of Barker's district, be appointed commissioners to lay out and define the lines of such new district and report the same to the board. It was shown to the board that in the new district about to be formed there was a sufficient number of persons to make a captain's company of militia, and that in its formation there was no older district which would be left without such number; and the clerical omission to recite these facts, if it were a legal omission, has been cured by an order of the board entered upon its minutes *nunc pro tunc*. What may be the purpose of the unknown persons whom petitioners allege are actuated by motives in reference to the fence and stock laws, defendants cannot answer; but as to their own purposes, acting as a board, they pass such orders as they deem of public utility and benefit without intent to defraud or without defrauding any one, and were only proceeding to do their legal duty until stopped by the restraining order.

Wright & Harris, for plaintiffs.

Dean & Smith and Seaborn Wright, for defendants.